# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATOA ATUALEVAO, | CASE NO. 1:08-cv-01562-DLB PC |
|     Plaintiff, | ORDER DISMISSING ACTION |
|  v. | (Doc. 11) |
| BISACCA, | |
|     Defendant. | |

**I.    Screening Requirement**

  Plaintiff Atoa Atualevao ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 17, 2008.  On December 5, 2008, Plaintiff filed written consent to have a United States Magistrate Judge conduct all further proceedings in this case. On March 13, 2009, the Court issued an order dismissing Plaintiff's complaint, with leave to amend, for failure to comply with Rule 8 and failure to state a claim.  Now pending is Plaintiff's First Amended Complaint, filed April 14, 2009.

  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Summary of Plaintiff's Claims**

Plaintiff is currently housed at Coalinga State Hospital in Coalinga, California. Plaintiff names Special Investigator Bisacca as the sole defendant.[1] Plaintiff claims a violation of due process and the Elder and Dependent Adult Abuse Act. Plaintiff alleges that defendant Bisacca caused him psychological abuse through falsification of state documents, intimidation and coercion.

Plaintiff directs the Court to see his attached Patient's Rights Complaint for the bases of his claims against defendant. However, Plaintiff has not attached any such form. Instead, Plaintiff has attached documentation that discusses his Patient's Rights Complaint (*i.e.*, his response to the denial of his complaint, a letter from Plaintiff to the Executive Director at CSH inquiring into his complaint, and a letter from the Executive Director.)

Plaintiff was previously informed that he cannot submit correspondence in lieu of drafting a complaint that complies with the Rule 8 pleading requirements. Plaintiff was also informed that verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.[2] Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

With respect to Plaintiff's Elder and Dependent Adult Abuse Act claim, the Court has no jurisdiction over Plaintiff's state law claim absent the existence of viable federal claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

---

[1] Defendant Bisacca has not yet appeared in this action.

[2] Plaintiff's attached documentation describes an incident occurring October 22, 2007, where defendant Bisacca allegedly invaded Plaintiff's personal space, demanded to see his I.D. card, and swore at him. (Doc. 11, Comp. p.7.)

### III. Conclusion and Order

Plaintiff's complaint is in violation of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff was previously informed of the Rule 8 pleading requirements and was granted leave to amend. However, it appears that Plaintiff is unwilling or unable to correct the deficiencies identified. Therefore, the Court HEREBY ORDERS the action dismissed for Plaintiff's failure to comply with Rule 8.[3]

The Clerk of the Court is DIRECTED to close this action.


IT IS SO ORDERED.

Dated:   **August 20, 2009**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).